# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOSEPH WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-16-1268-HE |
| | ) | |
| NANCY BERRYHILL, | ) | |
| Acting Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Joseph Williams filed this action seeking judicial review of the final decision of the Acting Commissioner of Social Security (Commissioner) denying his claim for disability benefits under the Social Security Act. Consistent with 28 U.S.C. § 636(b)(1)(B), this case was referred to Magistrate Judge Suzanne Mitchell, who has recommended that the Commissioner's motion to dismiss, based on 42 U.S.C. § 405(g), be granted. Because plaintiff has objected to the Report and Recommendation, the matter is reviewed *de novo*. 28 U.S.C. § 636(b)(1)(C).

The complaint indicates plaintiff filed a claim for disability benefits in January of 2011 and that an administrative law judge issued an unfavorable decision on September 22, 2015. The denial was upheld by the Social Security Administration's Appeals Council on December 31, 2015. On March 4, 2016, plaintiff filed a complaint in this court challenging the Commissioner's final decision. However, plaintiff failed to effect service and his suit was dismissed on September 13, 2016. Plaintiff filed a second (the current)

complaint on November 4, 2016. Because the suit was filed 244 days after the March 5 deadline and plaintiff failed to show a basis for extension or equitable tolling, Judge Mitchell recommended that the case be dismissed as untimely.

After *de novo* review, this court concludes—consistent with Judge Mitchell's recommendation—that plaintiff's action is untimely. Plaintiff was required to file his action for judicial review "within sixty days after the mailing . . . of notice of such decision or within such further time as the Commissioner . . . may allow." 42 U.S.C. § 405(g). Sixty days from December 31, 2015, translates into a filing deadline of March 5, 2016. Plaintiff's initial case was filed by that deadline, but the current case was not. Plaintiff has not suggested that the deadline was extended by the Commissioner nor has he identified any basis for equitable tolling of the deadline. In his objection, plaintiff argues that the evidence establishes that he has a disability, but does not otherwise address the timeliness issue. As no basis for avoiding the impact of the limitations period has been shown or suggested, dismissal is appropriate.

Accordingly, the Court **ADOPTS** the Report and Recommendation. This case is **DISMISSED** as untimely filed, with prejudice to its refiling.

**IT IS SO ORDERED.**

Dated this 25th day of April, 2017.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE